Melinda JACKSON, Plaintiff,

v.

**UNITED DAIRY FARMERS,**
Defendant.

No. 1:05–CV–00325.

United States District Court,
S.D. Ohio,
Western Division.

May 20, 2008.

Tod Joseph Thompson, Freking and Betz, Cincinnati, OH, for Plaintiff.

Jerry Sylvester Sallee, Dinsmore & Shohl, Cincinnati, OH, Max D. O'Guinn, Office of the Vice President & General Counsel Associate General Counsel, Bloomington, IN, for Defendants.

## OPINION AND ORDER

S. ARTHUR SPIEGEL, Senior District Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 41), Defendant's Objections (doc. 44), and Plaintiff's Response (doc. 45). For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation in all respects, and thus, denies Defendant's Motion for Summary Judgment.

## I. Background

Plaintiff brought this action *pro se* on May 6, 2005, alleging claims against her former employer, United Dairy Farmers ("UDF"), as well as eight individuals, for Title VII race discrimination, 42 U.S.C. § 2000e–5 *et seq.*, and for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (doc. 2). Plaintiff later dismissed her claims against seven of the individuals (doc. 18), and later still, the Court dismissed the final individual Defendant (doc. 21) so that the only remaining Defendant is UDF.

On June 26, 2006, Plaintiff filed an Amended Complaint clarifying her claims of discrimination and retaliation under the FMLA (doc. 27). In Counts I and II of the Amended Complaint, Plaintiff alleges she is an African–American, she was treated differently from similarly-situated Caucasian employees, and that her employment was terminated on the basis of race in violation of federal and state law (*Id.*). In Count III, Plaintiff alleges that she exercised her rights under FMLA by taking intermittent protected leave to care for her son, and that her employment was terminated in retaliation for her using protected FMLA leave (*Id.*).

Defendant UDF challenges Plaintiff's action, arguing it is entitled to judgment as a matter of law because:(1) Plaintiff cannot make a *prima facie* showing of discrimination based on race; (2) that she cannot rebut the legitimate non-discriminatory reasons given for the termination of her employment; and (3) the termination was not related to her desire to exercise her rights under the FMLA (doc. 35). Specifically, Defendant states Plaintiff had attendance problems such that its action in terminating her employment was justified. In response, Plaintiff contends that genuine issues of material fact exist as to how attendance policies were applied, and that Defendant made abrupt changes to her work schedule, without notice, which resulted in her absence.

## II. The Magistrate Judge's Report and Recommendation

### A. Race Discrimination Claims

The Magistrate Judge considered Plaintiff's racial discrimination claims under both state and federal law together because the same evidentiary standards and burden of proof are applicable to both claims (doc. 41, *citing Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir.2004), *cert. denied*, 546 U.S. 821, 126 S.Ct. 353, 163 L.Ed.2d 62 (2005)). The Magistrate Judge reported that in order to succeed in claim of racial discrimination, the Plaintiff must make a *prima facie* showing that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) she was treated different from similarly situated persons, who were not members of the protected class. (*Id. citing Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Plaintiff may also establish a prima facie case by showing that Defendant treated her less favorably than similarly-situated individuals outside the protected class (*Id. citing McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). Should Plaintiff prevail in establishing her *prima facie* case, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the employment action taken (*Id. citing Burdine*, 450 U.S. at 253, 101 S.Ct. 1089). Then, if Defendant succeeds in meeting this burden, the Plaintiff must show, by a preponderance of evidence, that Defendant's proffered reasons for its actions were in fact pretextual (*Id.*). The Plaintiff can prove pretext by showing the Defendant's reason: (1) had no basis in fact; or (2) was inadequate motivation for the adverse employment ac-

tion; or (3) was not the motivation behind the adverse employment action (*See, Smith v. Chrysler Corp.*, 155 F.3d 799, 805–06 (6th Cir.1998)); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994).

The Magistrate Judge noted that the Defendant argued Plaintiff was unqualified for her position because she failed to comply with attendance policies; and alternatively that Plaintiff failed to demonstrate Defendant's proffered reason was pretext (*Id.*). However, the Magistrate Judge, viewing the record most favorably to the non-moving party, found the evidence created a genuine issue of material fact as to whether Plaintiff had suffered discrimination based on race and whether or not the reasons given for her discharge were pretextual (*Id.*). Specifically, the Magistrate Judge observed that Plaintiff pointed out inconsistencies in the record regarding how Defendant's attendance policies were interpreted and applied by different managers; whether Plaintiff's termination was based upon documented or undocumented absences; and whether changes were made to Plaintiff's work schedule without affording her notice (*Id.*).

In addition, Plaintiff also made reference to racially-charged comments made to her by her supervisors (doc. 36). The Magistrate Judge noted that where an employer's motivation, intent or state of mind is at issue, summary judgment is not appropriate (*Id. citing Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir.2001)). Accordingly, the Magistrate Judge concluded that Defendant is not entitled to summary judgment on Plaintiff's race discrimination claims (*Id.*).

### B. Family Medical Leave Act Claim

As for Count three of Plaintiff's Complaint, for FMLA retaliation, the Magistrate Judge similarly rejected De-

fendant's argument that it is entitled to summary judgment (doc. 41). The Magistrate Judge reported that employers are prohibited from retaliating against employees for exercising their rights under the FMLA, such as for caring for a family member with a serious health condition (*Id. citing* 29 U.S.C. § 2615(a)(1)). In order to establish a *prima facie* case for retaliation, the Magistrate Judge reported, Plaintiff must show that: (1) she exercised a right protected by the FMLA; (2) she suffered an adverse employment action; and (3) there is causal connection based on proximity of time between her exercise of the right and the adverse action (*Id. citing Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir.2001)). Similarly to the race claims, if the Plaintiff succeeds in making her *prima facie* case, the burden then shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action (*Id.*). Should the Defendant carry its burden, Plaintiff can survive summary judgment by showing that Defendant's reason was merely pretextual (*Id.*)

 In the instant case, the Magistrate Judge found Plaintiff has presented evidence, when viewed in a light most favorable to her, which is sufficient to make a *prima facie* case of retaliation (*Id.*). Specifically, the Magistrate Judge noted that Plaintiff demonstrated she took leave from her employment to care for her son, who was diagnosed with a serious medical condition and soon after, Defendant discharged her (*Id.*).

Defendant argues, as above, that its basis for Plaintiff's termination was her failure to adhere to attendance policies, which were not related to leave exercised pursuant to the FMLA (*Id.*). However, the Magistrate Judge found that Plaintiff's evidence showed she had made repeated requests for FMLA certification forms (*Id.*). Indeed, upon learning of her threatened

termination because of attendance, Plaintiff proffered documentation showing she had taken her son to the emergency room for his acute asthma, and her employment file contained further documentation regarding her son's hospitalizations and his need for breathing aids (*Id.*). Under these facts, the Magistrate Judge concluded Plaintiff has shown sufficient evidence to create a genuine issue of material fact as to her claims of retaliation pursuant to the FMLA and that Defendant's reason for termination was pretextual (*Id.*). Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment as to Plaintiff's retaliation claim also be denied (*Id.*).

## III. Defendant's Objections

Defendant argues the Magistrate Judge plainly errs in ignoring that Plaintiff received eleven disciplinary warnings related to attendance problems, which ultimately led to her termination (doc. 44). Defendant further argues that the reason Plaintiff offered for violating its attendance policies was "babysitting issues," which is not conduct protected by the FMLA (*Id.*). Finally, Defendant argues the Magistrate Judge erred in relying upon Plaintiff's allegations of inconsistent application of its attendance policies, alleged racial epithets, and on an incident regarding request for leave four years prior to her termination (*Id.*). Defendant argues that even if all of these allegations were true, they are unrelated to the decision to terminate Plaintiff based on eleven attendance violations (*Id.*). In conclusion, Defendant argue it would be unfair to burden its other employees with the necessity to accommodate Plaintiff's unreliable attendance (*Id.*).

## IV. Plaintiff's Response to Defendant's Objections

Plaintiff argues the Magistrate Judge properly considered the evidence and did

not plainly err in concluding that a reasonable jury could conclude the reason for her termination was not attendance issues (doc. 45). Plaintiff essentially argues that Defendant argues for a one-sided view of the evidence, to the exclusion of evidence that she took leave to take care of her sick son, and that she had made repeated requests for FMLA forms (*Id.*). Plaintiff argues the Magistrate Judge properly drew all reasonable factual inferences in her favor, in arriving at his conclusion that summary judgment should be denied (*Id.*).

Plaintiff next argues the Magistrate Judge properly concluded that a reasonable jury could find pretextual Defendant's articulated reason for her termination (*Id.*). Plaintiff argues evidence in the record showed Defendant had a history of discouraging the use of FMLA leave, that it admitted she was a good employee, and that Defendant has shifted in its assertions of who made the termination decision (*Id.*). This evidence, combined with the undisputed evidence that Plaintiff was replaced with a Caucasian, she argues, is sufficient to establish pretext with respect to her race claim (*Id.*).

Finally, Plaintiff argues Defendant's "fairness" objection, in relation to other employees, is meritless (*Id.*). Plaintiff argues whether Defendant's treatment of Plaintiff was fair is a question for a jury to decide (*Id.*).

## V. Discussion

Having reviewed this matter, de *novo*, the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. At the summary judgment stage, the evidence must be viewed in a light most favorable to the nonmovant, in this case the Plaintiff, and such a view of the evidence here militates against Defendant's position. The Court finds, based on the Magistrate Judge's thorough review of the evidence, that there are genuine issues of material fact as to whether Plaintiff was discriminated against because of her race, and whether Defendant's reason behind her termination was pretextual. The evidence shows Plaintiff has established both her race and FMLA retaliation *prima facie* cases, and that she has proffered adequate evidence to show a reasonable jury that attendance issues were not the motivation behind her termination.

## VI. Conclusion

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 41), and DENIES Defendant's Motion for Summary Judgment (doc. 35)

SO ORDERED.

**REPORT AND RECOMMENDATION** [1] **THAT DEFENDANT UNITED DAIRY FARMERS' MOTION FOR SUMMARY JUDGMENT (Doc. 35) BE DENIED**

TIMOTHY S. BLACK, United States Magistrate Judge.

This employment discrimination action is before the Court on a motion for summary judgment by Defendant United Dairy Farmers. (Doc. 35.) For the reasons that follow, the motion for summary judgment should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a *pro se* complaint against her former employer, Defendant United Dairy Farmers ("UDF" or "employer"), and eight individuals alleging discrimination based on race

---

**1.** Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 *et seq.*, and interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Doc. 1.) Subsequently, claims against seven of the individual defendants were dismissed pursuant to Fed.R.Civ.P. 41(a)(1)(ii). (*See* Doc. 18.)

On February 7, 2006, the Court issued an Order granting a motion to dismiss the remaining individual defendant and directing that this case should go forward as against UDF on Plaintiff's claims under Title VII and the FMLA. (Doc. 21.)

On June 26, 2006, by counsel and with leave of Court (*see* Doc. 21), Plaintiff filed an amended complaint clarifying her claims of discrimination and retaliation under the FMLA. (Doc. 27.)

In Counts I and II of the amended complaint, Plaintiff alleges that she is an African–American, that she was treated differently from similarly situated Caucasian employees, and that her employment was terminated on the basis of race in violation of federal and state law. (*Id.* at pp. 3–4.) In Count III, Plaintiff alleges that she exercised her rights under the FMLA by taking intermittent protected leave to care for her son, and that her employment was terminated in retaliation for her using protected FMLA leave. (*Id.* at pp. 4–5.)

On January 16, 2007, UDF filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). (Doc. 35.) UDF contends that it is entitled to judgment as a matter of law because: (1) Plaintiff cannot make a *prima facie* showing of discrimination based on race; (2) the she cannot rebut the legitimate non-discriminatory reasons given for the termination of her employment; and (3) the termination was not related to her desire to exercise her rights under the FMLA.

In response, Plaintiff contends that genuine issues of material fact exist and that summary judgment is not warranted.

## II. STANDARD OF REVIEW

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

### A. *Discrimination Based on Race*

Plaintiff alleges racial discrimination in violation of both federal law, Title VII of the Civil Rights Act of 1964, and state law, Ohio Rev.Code Ann. § 4112.02. (*See* Doc. 27.) Because evidentiary standards and burdens of proof applicable to a claimed violation of Title VII are equally applicable to cases arising under § 4112.02, Plaintiff's claims may be considered together. *See Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 720 (6th Cir.2004), *cert. denied,* 546 U.S. 821, 126 S.Ct. 353, 163 L.Ed.2d 62 (2005).

To prevail on a claim of discrimination, Plaintiff must establish a *prima facie* case by showing: (1) that she was in a protected class; (2) that she was qualified for the job that she held during the time in ques-

tion; (3) that she suffered an adverse employment action; and (4) that she was treated differently than similarly-situated individuals who were not members of her protected class. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992); *see also Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

If the plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *See Burdine,* 450 U.S. at 253, 101 S.Ct. 1089. If the defendant is able to meet this burden, the plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were a pretext for discrimination. *Id.* A plaintiff can demonstrate pretext by showing that the proffered reason: (1) had no basis in fact; or (2) was insufficient motivation for the employment action; or (3) did not actually motivate the adverse employment action. *Smith v. Chrysler Corp.,* 155 F.3d 799, 805–06 (6th Cir.1998); *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1084 (6th Cir.1994).

Defendant argues that Plaintiff was not qualified for her position because she was unable to comply with its attendance policies. (*See* Doc. 36, Ex. B, at p. 5.) Alternatively, UDF argues that Plaintiff cannot show that the stated reason for the termination, the alleged violations of the attendance policy, is pretextual.

In opposition to UDF's argument, Plaintiff points to inconsistencies in the factual record creating issues of fact as to how the attendance policies were interpreted and applied by various managers under whom Plaintiff worked (*see* Doc. 36 at pp. 4–5); whether the termination was based on documented or undocumented absences (*see* *id.* at p. 7); whether abrupt changes were made to her work schedule of which she had no notice resulting in an absence from work in violation of UDF's policies (*see* *id.*).

■ Plaintiff also points to evidence of bias as revealed in racially-based epithets. (*See, e.g.,* id. at p. 3, "black people are lazy.")

Courts have recognized that summary judgment is rarely appropriate when motivation, intent or state of mind of the employer is at issue, as here. *See Ross v. Campbell Soup Co.,* 237 F.3d 701, 706 (6th Cir.2001).

When viewed in a light favorable to Plaintiff, the nonmovant, the evidence is sufficient to create genuine issues of material fact as to whether or not she suffered discrimination based on race and whether or not the reasons given for her discharge are pretextual.

Accordingly, Defendant is not entitled to summary judgment with respect to Plaintiff's race discrimination claims.

B. *Retaliation for exercising FMLA rights*

Defendant UDF also contends that it is entitled to summary judgment on Plaintiff's claim of retaliation under the FMLA.

The FMLA prohibits employers from retaliating against employees for the exercise of rights provided by the Act. *See* 29 U.S.C. § 2615(a)(1). The rights provided by the FMLA include a right to leave from employment in order to care for a family member with a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(C).

To make out a *prima facie* case of retaliation, a plaintiff must show that she exercised a right protected by the Act, that she was adversely affected by an employment decision, and that proximity in time suggests a causal connection between the ex-

ercise of the protected right and the adverse employment decision. *See Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir.2001). Proximity in time between a request for FMLA-protected leave and discharge may provide sufficient evidence of a causal connection for purposes of establishing a *prima facie* case of retaliation. *Id.*

If a plaintiff succeeds in making a *prima facie* showing of retaliation, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. *Id.* at 315–16. The burden then shifts back to the plaintiff to show that reason given was pretextual. *See id.* at 315; *Gibson v. City of Louisville*, 336 F.3d 511, 513 (6th Cir.2003); *see also Manzer*, 29 F.3d at 1084.

Plaintiff in the present action has presented evidence that, when viewed a light favorable to her, is sufficient to establish a *prima facie* case of retaliation. She presented evidence to show that she took leave from her employment to care for her son, who had been diagnosed with a serious medical condition, and that she was subsequently discharged from her employment by UDF. (*See, e.g.*, Doc. 36, "Affidavit of Melinda Jackson.").

Defendant contends that it terminated Plaintiff's employment not only because she repeatedly violated its attendance policies but also because her absences were unrelated to to her desire to exercise protected leave.

In opposition, Plaintiff presented evidence that she made requests for FMLA certification forms (for which she had to wait at least a year) and, when threatened with termination based on attendance, submitted documentation to show that she had taken her son for emergency for his acute asthma. (*See* Doc. 36 at pp. 5–6.) She also showed that her personnel file contained references to her son's hospitalization and need for breathing equipment. (*See id.*)

In short, she has presented sufficient evidence to create a genuine issue of fact as to whether the termination was related to protected leave and whether the reasons given by UDF were pretextual.

## IV. CONCLUSION

For the reasons stated above, Defendant has failed to establish the absence of genuine issues of fact and that it is entitled to summary judgment as a matter of law.

Therefore, **IT IS RECOMMENDED** that the motion for summary judgment (Doc. 35) be **DENIED.**

Date: 9/24/07

### NOTICE

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).